REC'D - USDA/OALJ/OHC
2020 SEP 1 AM 11:44

UNITED STATES DEPARTMENT OF AGRICULTURE
BEFORE THE SECRETARY OF AGRICULTURE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Colorado Mushroom Farm, LLC, | ) | MPRCIA Docket No. 20-J-0133 |
| | ) | |
| Respondent. | ) | |

**DECISION AND ORDER WITHOUT HEARING BY REASON OF DEFAULT**

Appearance:

*Lauren E. Becker, Esq., with the Office of the General Counsel, United States Department of Agriculture, Washington, DC, for the Complainant, Administrator, Agricultural Marketing Service ("AMS")*

**Preliminary Statement**

This is a proceeding under the Mushroom Promotion, Research, and Consumer Information Act of 1990 (7 U.S.C. §§ 6101-6112) ("Mushroom Act"); the Mushroom Promotion, Research, and Consumer Information Order (7 C.F.R. part 1209) ("Mushroom Order"); and the Rules of Practice Governing Formal Adjudicatory Proceedings Instituted by the Secretary Under Various Statutes (7 C.F.R. §§ 1.130 through 1.151) ("Rules of Practice").

The Administrator of the Agricultural Marketing Service, United States Department of Agriculture ("Complainant"), initiated this proceeding by filing a complaint against Colorado Mushroom Farm, LLC ("Respondent") on June 17, 2020. The Complaint alleges that Respondent "willfully violated the Mushroom Act and the Mushroom Order by failure to pay assessments, late fees and interest in full, and failure to report timely."[1] Further, the Complaint requests:

1. That *unless the respondent fails to file an answer within the time allowed therefor,* or files an answer admitting all the material allegations of the complaint, this

---

[1] Complaint at 4.

proceeding be set for oral hearing in accordance with the Rules of Practice governing proceedings under the Mushroom Act; and

2. That the Secretary issue such order or orders as are authorized by the Mushroom Act and warranted under the circumstances, including an order assessing penalties against the respondent and an order to cease and desist from violating the Act and the Order, in accordance with 7 U.S.C. § 6104(j), § 6107(c), and 7 C.F.R. § 1209.251(e).

Complaint at 4-5 (emphasis added).

Respondent was duly served with a copy of the Complaint and did not file an answer within the twenty-day period prescribed by section 1.136 of the Rules of Practice (7 C.F.R. § 1.136).[2]

On July 23, 2020, Complainant filed a Motion for Adoption of Decision and Order by Reason of Default ("Motion for Default") and Proposed Decision and Order by Reason of Default ("Proposed Decision"). Respondent has not filed any objections to Complainant's Motion for Default or Proposed Decision.[3]

Failure to file a timely answer or failure to deny or otherwise respond to allegations in the Complaint shall be deemed, for purposes of this proceeding, an admission of the allegations in

---

[2] United States Postal Service records reflect that the Complaint was sent to Respondent's business address and mailing address via certified mail and delivered on June 30, 2020. Respondent had twenty days from the date of service to file a response. 7 C.F.R. § 1.136(a). Weekends and federal holidays shall be included in the count; however, if the due date falls on a Saturday, Sunday, or federal holiday, the last day for timely filing shall be the following work day. 7 C.F.R. § 1.147(h). In this case, Respondent's answer was due on or before July 20, 2020. Respondent has not filed an answer.

[3] United States Postal Service records reflect that the Motion for Default and Proposed Decision were sent to Respondent's business address and mailing address via certified mail and delivered on August 4, 2020 and August 11, 2020, respectively. Respondent had twenty days from the date of service to file objections thereto. 7 C.F.R. § 1.139. Weekends and federal holidays shall be included in the count; however, if the due date falls on a Saturday, Sunday, or federal holiday, the last day for timely filing shall be the following work day. 7 C.F.R. § 1.147(h). In this case, Respondent's objections were due no later than August 31, 2020. Respondent has not filed any objections.

the Complaint, unless the parties have agreed to a consent decision.[4] Other than a consent decision, the Rules of Practice do not provide for exceptions to the regulatory consequences of an unfiled answer where, as in the present case, no meritorious objections have been filed.[5]

As Respondent failed to file an answer the Complaint, and upon Complainant's motion for the issuance of a decision without hearing by reason of default, this Decision and Order is issued without further procedure or hearing pursuant to section 1.139 of the Rules of Practice (7 C.F.R. § 1.139).

### Findings of Fact

1. Respondent Colorado Mushroom Farm, LLC is a limited liability company whose principal place of business is 10719 Road 5 South, Alamosa, Colorado 81101 and whose mailing address is P.O. Box 2002, Alamosa, Colorado 81101.

2. At all times material herein, Respondent was a first handler as defined in the Mushroom Act, 7 U.S.C. § 6102(5), and the Mushroom Order, 7 C.F.R. § 1209.6.

3. At all times material herein, Respondent was a person as defined in the Mushroom Act, 7 U.S.C. § 6102(10), and the Mushroom Order, 7 C.F.R. § 1209.14.

4. At all times material herein, Respondent was a producer as defined in the Mushroom Act, 7 U.S.C. § 6102(11), and the Mushroom Order, 7 C.F.R. § 1209.15.

5. The Mushroom Order is administered by the Mushroom Council. The Mushroom Council's programs and expenses are funded by assessments paid to the Mushroom Council by each first handler who receives mushrooms from a producer or who prepares for marketing or

---

[4] 7 C.F.R. § 1.136(c).
[5] 7 C.F.R. § 1.139; *see supra* note 3 and accompanying text.

markets mushrooms of its own production and by importers who import mushrooms into the United States.

6. As a first handler who markets mushrooms of its own production as defined in the Mushroom Order, Respondent was subject to payment of assessments to the Mushroom Council pursuant to § 1209.51(c) of the Mushroom Order

7. Pursuant to § 1209.51 of the Mushroom Order, the Mushroom Council assessed Respondent $89,246.55, which includes late-payment charges and interest for unpaid assessments through December 2019 due to the Mushroom Council for mushrooms marketed to consumers in the United States from September 2017 through December 2019.

8. On twenty-eight occasions from September 2017 through December 2019, Respondent violated § 6104(g) of the Mushroom Act and § 1209.51 of the Mushroom Order by failing to timely remit to the Mushroom Council monthly assessments, late fees, and interest for assessments from Colorado Mushroom Farm, LLC's own production of mushrooms marketed to consumers in the United States. As of December 2019, Respondent owed the Mushroom Council $89,246.55 in assessments and late fees and interest for assessments.

9. On twenty occasions from April 2017 through December 2019, Respondent violated § 1209.60 of the Mushroom Order by failing to timely remit to the Mushroom Council a monthly report indicating, among other things, the number of pounds of mushrooms subject to the collection of assessments and the amount of assessments remitted.

10. The Mushroom Council notified Respondent on numerous occasions, by both electronic correspondence and formal letters, of its continuing violations of the Mushroom Order and the penalties pursuant to the Mushroom Order that might be incurred. Additionally, AMS notified Respondent in writing of past-due assessments on January 4, 2019 and February 25,

2019. Respondent has been unresponsive to each attempt to resolve the outstanding reporting violations and non-payment of assessments.

11. On August 29, 2019, the AMS Administrator issued a subpoena duces tecum in connection with an investigation pursuant to section 1929 of the Mushroom Act (7 U.S.C. § 6108) to determine whether Respondent was subject to the regulation under the Act and Mushroom Order and whether it had violated any of the terms and provisions of the Act and Order. Service of the subpoena on Respondent was not effected.

12. On September 10, 2019, AMS conducted an investigation at Respondent's facility, during which Respondent issued a cashier's check to the Mushroom Council in the amount of $5,000.

13. On October 16, 2019, Respondent and the Mushroom Council entered into a settlement agreement whereby Respondent agreed that it owed $97,453.25, less than $5,000 paid on September 10, 2019, in assessments late fees, and interest charges to the Mushroom Council for mushrooms handled during 2017, 2018, and through August 2019. Respondent agreed to pay $4,000 per month, beginning October 15, 2019, until the balance was paid in full. The Agreement also provides that if Respondent failed to make payments as required, the entire outstanding balance would become due and payable immediately.

14. Respondent paid according to the Settlement Agreement in September, October, and November 2019. Respondent failed to pay according to the Settlement Agreement in December 2019, and the Mushroom Council notified Respondent of its failure to pay.

15. Pursuant to § 6104(j) of the Mushroom Act and § 1209.251(e) of the Mushroom Order, the Secretary may assess a one-time late payment charge in the amount of ten percent of the

assessments due or before interest charges have accrued for each late payment of assessments.

16. Pursuant to § 6107(c) of the Mushroom Act, the Secretary may assess a civil penalty for each violation, and may issue an order requiring Respondent to cease and desist from violating the Order.[6]

## Conclusions

1. The Secretary of Agriculture has jurisdiction in this matter.

2. Respondent Colorado Mushroom Farm, LLC has willfully violated the Mushroom Act and the Mushroom Order by failing to pay assessments, late fees, and interest in full, and failing to report timely.

## ORDER

1. Complainant's Motion for Adoption of Decision and Order by Reason of Default is GRANTED.

2. Respondent Colorado Mushroom Farm, LLC, its agents and employees, directly or through any corporate or other device, shall cease and desist from violating the Mushroom Act and the Mushroom Order.

3. Respondent Colorado Mushroom Farm, LLC is assessed $89,246.55, which includes late-payment charges and interest for unpaid assessments. Assessments and late-payment charges

---

[6] The Mushroom Act states that the Secretary shall assess a civil penalty of not more than $5,000 for each violation. The penalty was amended by 7 C.F.R. § 3.91(b)91)(xxviii) (effective December 5, 207) pursuant to the Federal Civil Penalties inflation Adjustment Act Improvements Act of 2015 to a minimum of $880 and a maximum of $8,797 per violation The penalty was again amended by 7 C.F.R. § 3.91(b)(1)(xxviii) (effective March 14, 2018) by making inflation adjustments pursuant to the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015 to a minimum of $898 and a maximum of $8,977 per violation,

shall be paid by check made payable to the Mushroom Council and reference docket number 20-J-0133.

4. Respondent Colorado Mushroom Farm, LLC is assessed a civil penalty of $5,000. The civil penalty shall be paid by check made payable to the Treasurer of the United States and reference docket number 20-J-0133.

This Decision and Order shall be final and effective without further proceedings thirty-five (35) days after service, unless an appeal to the Judicial Officer is filed with the Hearing Clerk within thirty (30) days after service as provided in sections 1.139 and 1.145 of the Rules of Practice (7 C.F.R. §§ 1.139 and 1.145).

Copies of this Decision and Order shall be served upon the parties and counsel by the Hearing Clerk.

Done at Washington, D.C.,
this 1st day of September 2020

Channing D. Strother
Chief Administrative Law Judge

Hearing Clerk's Office
United States Department of Agriculture
Stop 9203, South Building, Room 1031
1400 Independence Avenue, SW
Washington, DC 20250-9203
Tel:  202-720-4443
Fax:  844-325-6940
SM.OHA.HearingClerks@USDA.GOV